# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Aaron Underwood,**
**Claimant Below, Petitioner**

**v.)**     **No. 26-76**     (JCN: 2024026434)
                              (ICA No. 25-ICA-219)

**ACNR Resources, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron Underwood appeals the December 4, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Underwood v. ACNR Resources, Inc.*, No. 25-ICA-219, 2025 WL 3486743 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision). Respondent ACNR Resources, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the April 23, 2025, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's August 30, 2024, order rejecting the claim. The claim administrator stated that the claimant had aggravated a preexisting condition instead of sustaining a discrete new injury.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant asserts that he clearly sustained a discrete new injury because the injury caused him to need a total knee replacement in order to restore function to his right knee, which had been fully functional. Although the claimant previously underwent treatment, including a

---

[1] The claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene, and the claimant appears by counsel Aimee M. Stern.

[2] In Syllabus Point 3 of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), we held that

> [a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

1

partial knee replacement,[3] he was not receiving active treatment at the time he twisted his right knee at work in July 2024. After the July 2024 work-related injury, the claimant's treating physician, Adam Edward Klein, M.D., recommended a total knee replacement.[4] Therefore, the claimant argues that this Court should reverse the ICA and (1) hold the claim compensable, and (2) authorize a total knee replacement as medically necessary and reasonably related to the compensable injury. The employer counters by arguing that a preponderance of the evidence shows that the claimant did not sustain a discrete new injury at work in July 2024. The diagnoses Dr. Klein listed on the physician's report of occupational injury (osteoarthritis and right medial tibial plateau fracture) predate the alleged July 2024 work-related injury. The claimant aggravated his preexisting right knee condition instead of sustaining a discrete new injury. Therefore, the employer argues that the Board of Review, as affirmed by the ICA, did not clearly err in affirming the claim administrator's order rejecting the claim as non-compensable.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 23, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV

---

[3] In Syllabus Point 5 of *Moore v. ICG Tygart Valley*, LLC, 247 W. Va. 292, 879 S.E.2d 779 (2022), we held that:

> [*a*] *claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic*, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

(emphasis added)

[4] Dr. Klein previously stated in May 2023 that he was not sure that "a partial knee [replacement] can be supported by the medial tibial bone given the articular depression."

2

**DISQUALIFIED:**

Justice H. L. Kirkpatrick

**NOT PARTICIPATING:**

Justice James W. Flanigan